UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG)<br>JUDGE FREDA L. WOLFSON<br>MAG. JUDGE LOIS H. GOODMAN |
| MARIA MORELLO;<br>and JOSEPH MORELLO<br>                Plaintiffs,<br><br>v.<br><br>PERSONAL CARE PRODUCTS COUNCIL F/K/A COSMETIC, TOILETRY, FRAGRANCE AND ASSOCIATION<br><br>                Defendant. | COMPLAINT AND JURY DEMAND<br><br>Civil Action: 3:17-cv-6803<br><br>DIRECT FILED ACTION |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendant named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in Plaintiffs' *Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured due to the use of talcum powder product(s): <u>Maria Morello.</u>

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of <u>Westbrook, Connecticut.</u>

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: <u>Joseph Morello</u>.

4. Plaintiff was born on <u>10/26/1947</u>.

5. As a result of using talcum powder products, Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   <u>X</u>  injury to herself

   ____  injury to the person represented

   ____  wrongful death

   ____  survivorship action

   <u>X</u>  economic loss

   <u>X</u>  loss of services

   <u>X</u>  loss of consortium

   ____  other:

### Identification of Defendant(s)

6. Plaintiffs are suing the following Defendant(s) (please check all that apply)

   ____  Johnson & Johnson

    ___    Johnson & Johnson Consumer Inc.

    ___    Imerys Talc America, Inc. ("Imerys Talc")

    _X_    Personal Care Products Council ("PCPC")

**Additional Defendants:**

    ___    Other(s) Defendant(s) (please specify): _____

## JURISDICTION & VENUE

### Jurisdiction:

7. Jurisdiction in this Short Form Complaint is based on:

   _X_    Diversity of Citizenship

   ___    Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

### Venue[1]:

8. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>United States District Court for the District of New Jersey.</u>

## CASE SPECIFIC FACTS

9. Plaintiff(s) currently reside(s) in: <u>Westbrook, Connecticut.</u>

10. At the time of the Plaintiff's diagnosis with a talcum powder product(s) injury, Plaintiff resided in: <u>Westbrook, Connecticut.</u>

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this Short Form Complaint applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this Short Form Complaint

11. The Plaintifft was diagnosed with a talcum powder product(s) injury in: <u>Connecticut on or about March 16, 2012.</u>

12. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) in the early 1970s and continued the daily use of talcum powder product(s) through about <u>March 16, 2012</u>.

13. The Plaintiff purchased talcum powder product(s) in the following State(s): <u>Connecticut</u>.

14. Plaintiff/Decedent used the following talcum powder products:

   <u>X</u>   Johnson & Johnson's Baby Powder

### CAUSES OF ACTION

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

   \_\_\_ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

   \_\_\_ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

   \_\_\_ County III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

   \_\_\_ County IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

   \_\_\_ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

   \_\_\_ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

   \_\_\_ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

\_\_\_     Count VIII: Negligence (Against Imerys Talc)

\_\_\_     Count IX: Negligence (Against the Johnson & Johnson Defendants)

_X_     Count X: Negligence (Against PCPC)

\_\_\_     Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

\_\_\_     Count XII: Fraud (Against the Johnson & Johnson Defendants)

_X_     Count XIII: Fraud (Against PCPC)

\_\_\_     Count XIV: Violation of State Consumer Protection Laws of the State(s) of Florida (Against the Johnson & Johnson Defendants)

\_\_\_     Count XV: Fraudulent Concealment (Against Imerys Talc)

\_\_\_     Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

_X_     Count XVII: Fraudulent Concealment (Against PCPC)

_X_     Count XVIII: Civil Conspiracy (Against All Defendants)

_X_     Count XIX: Loss of Consortium (Against All Defendants)

_X_     Count XX: Punitive Damages (Against All Defendants)

_X_     Count XXI: Discovery Rule and Tolling (Against All Defendants)

\_\_\_     Count XXII: Wrongful Death (Against All Defendants)

\_\_\_     Count XXIII: Survival Action (Against All Defendants)

\_\_\_\_     Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these

theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendant of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Respectfully Submitted by,

Christopher M. Houlihan, Esq.
RisCassi & Davis, P.C.
131 Oak Street
Hartford, CT 06106
Phone: (860) 522-1196
Fax: (860) 246-5847
choulihan@riscassidavis.com